UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED REPAIR SERVICES LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>COMPREHENSIVE LOGISTICS CO. LLC,<br><br>　　Defendant. | Case No. 24-11914<br><br>Honorable Robert J. White |

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 25, 2024, Plaintiff United Repair Services LLC filed a one-count complaint against Defendant for an alleged violation of state law. *See* ECF No. 1. In its complaint, Plaintiff described Defendant as "a limited liability company organized under the laws of the State of Delaware" with "a registered office at 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI" and "its principal place of business in the State of Florida." ECF No. 1, PageID.4. Plaintiff also stated that Defendant "is not a citizen of the State of Michigan, but is a citizen of the State of Florida as its 'nerve center' is in Bonita Springs, Lee County there." *Id.* at PageID.4. These statements raise concerns about the Court's jurisdiction over this case. *See Hertz*

*Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

For starters, it is not entirely clear who Plaintiff is suing. In its complaint, Plaintiff flagged a "related prior action" that it filed in state court and saw removed to this District before voluntarily dismissing it without prejudice. *See* Case No. 24-10564 (E.D. Mich.), ECF No. 1, 6. The underlying allegations in both cases are nearly identical, but the state-court complaint (and federal notice of removal) described Defendant as "a corporation," *see id.* at PageID.4, 10, whereas the federal complaint described Defendant as a limited liability company, *see* Case No. 24-11914 (E.D. Mich.), ECF No. 1, PageID.4. So, has Plaintiff described the Defendant incorrectly here? Or is Plaintiff suing a different entity altogether—that is, an LLC that is separate and distinct form the corporation Plaintiff sued in the earlier case?

If the former is true, the Court is inclined to permit the Plaintiff to amend their complaint and remedy the error. *See* Fed. R. Civ. P. 15(a); *cf. Dhirim, Inc. v. Tiffany & Co.*, No. 09-12253, 2009 WL 2058584, at *1 (E.D. Mich. July 15, 2009) ("In light of the amended complaint, the fact that the wrong party was named in the initial complaint is not a basis for dismissing Plaintiff's action."). If the latter is the case, Plaintiff has failed to discharge its "burden of establishing the parties' citizenships." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir.

2022). That's because "LLCs are *not* corporations, and different pleading rules apply when these entities are parties to a diversity suit." *Id.* at 627 (emphasis in original). "Unlike a corporation, an LLC's state of organization does not establish its citizenship." *Id.* at 626 (citing 28 U.S.C. § 1332(c)(1)). Rather, an LLC "has the citizenship of its members and sub-members." *Id.*

Here, instead of naming and establishing "the citizenships of [Defendant's] members and sub-members," *id.* at 627, Plaintiff listed the state under whose laws Defendant is organized (Delaware) and the state containing Defendant's nerve center and principal place of business (Florida). *See* ECF No. 1, PageID.4. This is insufficient. *See Pourtaghi*, 43 F.4th at 626 (remanding for determination of subject-matter jurisdiction where plaintiff LLC "did not … adequately allege its own citizenship—it merely asserted that it is 'organized under the laws of Michigan'").

For these reasons, the Court ORDERS Plaintiff to SHOW CAUSE within 14 days of this Order why the Court should not dismiss this case for lack of diversity jurisdiction. If Plaintiff decides that dismissal is proper, it may forego briefing and instead notify the Court within 14 days of this order that it will be submitting a notice or stipulation of dismissal as permitted under Fed. R. Civ. P. 41(a)(1)(A).

SO ORDERED.

Dated: 9/13/2024

s/Robert J. White  
Robert J. White  
United States District Judge

3