UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED REPAIR SERVICES LLC,

     Plaintiff,

v.

COMPREHENSIVE LOGISTICS CO.
LLC, et al.,

     Defendants.

Case No. 24-cv-11914

Honorable Robert J. White

---

**ORDER DENYING THE MOTION TO EXTEND DISCOVERY PERIOD
(ECF No. 49)**

---

Plaintiff/Counter-Defendant United Repair Services, LLC (United) and Counter-Defendants Omar Muthanna and Saleh Aboubaker moved to extend the discovery deadline and for the Court to permit depositions of non-parties Joshua Morris, Paul Cook, and Russell Chambers. (ECF No. 49).   Defendants Comprehensive Logistics Co. LLC (Comprehensive) and Ryan Brunner opposed the motion. (ECF No. 51).  Because the Court finds that no good cause justifies the relief requested, the Court will deny the motion. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*,

771 F.3d 344, 366 (6th Cir. 2014). The Sixth Circuit will only intervene in a district court's decision to limit discovery "'if it was an abuse of discretion resulting in substantial prejudice.'" *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Elvis Presley Enters. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991)). The factors considered in deciding whether a district court abused its discretion include:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests.

*Marie*, 771 F.3d at 366 (quoting *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011)). Following the Sixth Circuit's guidelines, the Court finds that denial of United's motion is warranted.

First, United knew of the non-party witnesses it now seeks to depose for months before discovery closed. (ECF No. 51, PageID.710). In fact, United included Paul Cook and Russell Chambers in its August 5, 2025 Witness List, (ECF No. 33, PageID.445), and both United and Comprehensive identified Joshua Morris in their initial disclosures, dated February 18, 2025, over a full year ago (ECF No. 51-3, PageID.724; ECF No. 51-4, PageID.738). So although United had almost a year to depose Morris and about six months to depose Cook and Chambers, it waited until the week before discovery closed to notice the depositions. (ECF No. 49,

2

PageID.679–85). Likewise, the parties had over a full year to complete discovery, which included a four-month extension from the original deadline which the Court granted. (ECF No. 51, PageID.708–09; ECF No. 20; ECF No. 43). Considering that United had ample time to conduct depositions of Cook, Chambers, and Morris, the Court finds that further delay unnecessarily hampers the ability of the case to move forward.

Second, United attributed its delay in serving the deposition notices to non-party Ford Motor Company's failure to timely comply with United's subpoena. (ECF No. 49, PageID.649–50; ECF No. 54, PageID.749–50). Without the documents United requested from Ford, United argued that it cannot proceed with the depositions of Morris, Cook, and Chambers. (*Id.* at PagID.650). But the subpoena to Ford is over ninety days old and Ford's compliance is overdue by more than sixty days. (ECF No. 51, PageID.712). Once the January 9, 2026 deadline passed for Ford to comply with the subpoena, United could have moved for an order compelling Ford to respond. And as of the date of this Order, United *still* has not moved to compel Ford's compliance. Instead, United asked the Court to extend the discovery deadline indeterminately while it awaits Ford's response. (ECF No. 54, PageID.749–50). Ultimately, the Court will not excuse United's failure to use the time and resources at its discretion to complete discovery in a timely fashion.

3

Third, Comprehensive is already allowing United to take seven depositions outside of the close of discovery. (ECF No. 51, PageID.713).[1]  The Court finds that Comprehensive has worked cooperatively with United to resolve discovery without court intervention to move the case forward.  But at this point, additional depositions prejudice Comprehensive given the tight timeline to complete depositions and draft dispositive motions.  Given that United did not argue that the Cook, Chambers, and Morris are essential to its ability to move for or respond to dispositive motions, the Court finds that any prejudice resulting from the denial of United's motion is not enough to outweigh the Court's other concerns.

Fourth, the facts of this motion are similar to those in *Marie*.  There, the Sixth Circuit held the district court did not abuse its discretion in denying the motion to extend discovery for the following reasons. 771 F.3d at 366–67.  To begin, the district court had already extended the discovery deadline, and the discovery period lasted over a year. *Id.* at 367.  Next, the moving party knew it needed to depose certain individuals since the case's inception as they were named in the complaint; the court thus found the delay in doing so inexcusable. *Id.*  And even if the non-moving party was uncooperative, the moving party could have "moved to compel them to act" before the discovery window closed. *Id.*  Finally, the moving party "provided no

---

[1] The Court orders the parties to complete all agreed to, outstanding depositions by March 20, 2026.  In doing so, the Court will extend the deadline for dispositive motions to April 10, 2026.

information suggesting that acquiring the desired discovery would alter the outcome of the motion for summary judgment in any way." *Id.*  Considering *Marie*, then, the Court denies the motion to extend discovery as plaintiffs have failed to demonstrate good cause.

* * *

For the reasons given, the Court **ORDERS** that the motion to extend discovery periods and to permit depositions of witnesses Paul Cook, Russell Chambers and Joshua Morris (ECF No. 49) is **DENIED**.  In doing so, the Court will extend the deadline to file dispositive motions to April 10, 2026.

Dated: March 5, 2026                          s/Robert J. White
                                                        Robert J. White
                                                        United States District Judge