UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED REPAIR SERVICES, LLC,

      Plaintiff,

v.

COMPREHENSIVE LOGISTICS CO.,
LLC, et al.,

      Defendants.

Case No. 24-cv-11914

Honorable Robert J. White

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of the parties, the Court hereby enters the following protective order:

1.     **Subject to Protective Order** – Any document or thing that is produced in this litigation by a party may be produced by that party with the clear and obvious designation "SUBJECT TO PROTECTIVE ORDER." Documents that are produced with the designation "SUBJECT TO PROTECTIVE ORDER" shall only be used for purposes necessary with respect to this litigation.

2.     **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not

publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.     **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

a.     The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

b.     Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

c.     Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d.     This Court and its staff members.

4.    **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

5.    **Motion Practice** – This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

6.    **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "SUBJECT TO

PROTECTIVE ORDER," or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7.    **Challenging "Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court.  The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

8.    **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

9.    **Termination of Lawsuit** – All documents and things designated as "SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action, or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential.  Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

10.    **Production of Privileged Material** –The production of privileged or work-product protected documents, electronically stored information ("ESI") or

information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11.      **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

SO ORDERED.

Dated: March 13, 2026                          s/Robert J. White
                                                          Robert J. White
                                                          United States District Judge

**STIPULATED TO:**

*/s/ M. Michael Koroi (with permission)*
M. Michael Koroi (P44470)
*Attorney for United Repair, Omar Muthanna,*
*And Saleh Aboubaker*


*/s/ Kelly E. Kane*
Kelly E. Kane (P81912)
*Attorney for Comprehensive Logistics and*
*Ryan Brunner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED REPAIR SERVICES, LLC,

      Plaintiff,

v.                                                                  Case No. 24-11914

COMPREHENSIVE LOGISTICS CO.,   Hon. Robert J. White
LLC, and RYAN BRUNNER,

      Defendants,

and

COMPREHENSIVE LOGISTICS CO.,
LLC,

      Counter-Plaintiff,

v.

UNITED REPAIR SERVICES, LLC,
OMAR MUTHANNA, SALEH
ABOUBAKER, and JOHN DOES 1-5,

      Counter-Defendants.

---

**EXHIBIT A**
**<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>**

I, _____, declare as follows:

1.    I have read the Protective Order in the above captioned case.

2.    I promise that I will only use the documents and things produced in this

litigation by a party and given to me for purposes of this lawsuit.

3.      I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" with anyone other than the persons described in the Protective Order.

4.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5.      I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____

By: _____